UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SIMON JAMES ARROL, ANTHONY JOHNSON,

    Plaintiffs,

vs.                        Case No. 2:10-cv-655-FtM-29DNF

RALF HERON, CHRISTINE F. WRIGHT,
WRIGHT & SHAW, P.A.  Florida
professional association,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court *sua sponte* on a jurisdictional review of the Complaint (Doc. #1). Plaintiffs Simon James Arrol and Richard Anthony Johnson are residents of the United Kingdom and have brought suit against two individual residents of Lee County, Florida, Ralf Heron and Christine F. Wright, and a professional association with Christine F. Wright acting as a principal partner for the firm. (Doc. #1, ¶¶ 4-8.) The amount in controversy is alleged to exceed $75,000.00, and subject-matter jurisdiction is premised upon the presence of diversity jurisdiction. (Id., ¶ 1.) The factual allegations provide that plaintiffs and defendant Ralf Heron jointly retained Ms. Wright and Wright & Shaw, P.A. as counsel for the joint purchase of real property in Cape Coral, Florida, and other potential properties. (Id., ¶ 9.) The face of the Complaint does not set forth a basis

for diversity jurisdiction, nor any facts which would support such jurisdiction.

"For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)[1](citations omitted). Residency is not sufficient to establish diversity. Jagiella v. Jagiella, 647 F.2d 561, 563 (5th Cir. Unit B 1981). "Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. [ ] A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . . [ ] Furthermore, a change of domicile requires [a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely. . . ." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotations and citations omitted).

The Complaint only alleges the residency of the parties, and residency is not the same as citizenship for purposes of establishing diversity jurisdiction. In any event, plaintiffs could be deemed citizens of Florida under 28 U.S.C. § 1332(a), under certain circumstances if they are resident aliens.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Accordingly, it is now

**ORDERED**:

Plaintiff shall file an Amended Complaint within **FOURTEEN (14) DAYS** properly setting forth the subject-matter jurisdiction of the Court.

**DONE AND ORDERED** at Fort Myers, Florida, this __17th__ day of February, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record